JOSEPH SHEFFER and SIDNEY EDELSTEIN, Appellants, v. MAURICE GOLDSTEIN and SAMUEL E. YANOVER, Respondents.— Judgment reversed upon the law, with costs to appellants, and judgment directed in favor of plaintiffs for the sum of $500, the amount of the deposit paid, with interest from June 19, 1925, with costs. Upon the evidence, plaintiffs were clearly entitled to judgment for the amount of their deposit. Findings of fact and conclusions of law contrary to this decision reversed, and new findings will be made in accordance herewith. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur. Settle order on notice.

SIDFORD & GREENE, INC., Appellant, v. WEHMEYER COAL COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

COURTLAND SMITH, Respondent, v. MOSES L. ANNENBERG, Appellant. (Action No. 2.) — Order granting motion to strike out third separate defense and counterclaim reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We are of opinion that there is an issue to be tried on this pleading. Under section 267, subdivision 3, of the Civil Practice Act the pleading sets up a counterclaim effective against plaintiff's assignor as well as against the plaintiff. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

MARIA TENNERT and JOSEPH BLAKE, Respondents, v. PETER TENNERT, Also Known, etc., Appellant.— Order and judgment reversed upon the law and the facts, with ten dollars costs and disbursements, and motion for judgment on the pleadings denied, with ten dollars costs, upon the ground that under the pleadings there were issues of law and fact which should be disposed of by trial at Special Term. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

FRANK WALKER and JOHN VON PRAAG, Appellants, v. JAMES L. HAND, Respondent.— Judgment dismissing complaint on the merits reversed upon the law and the facts, and new trial granted, costs to abide the event. We think that upon the evidence adduced by plaintiff, the agreement between the parties was for a joint venture. Kelly, P. J., Manning, Young and Lazansky, JJ., concur; Kapper, J., dissents, and votes to affirm, upon the ground that no contract was made.